818 F.2d 29
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SHARPLES COAL CORPORATION, a West Virginia corporation,
Plaintiff-Appellee,
v.
COMPERCIAL UNION INSURANCE COMPANY, a Massachusetts
corporation, Defendant- Appellant.
SHARPLES COAL CORPO, PATION, a West Virginia Corporation,
Plaintiff-Appellee,
v.
COMMERCIAL UNION INSURANCE COMPANY, a Massachusetts
corporation, Defendant- Appellant.
 Nos. 86-2517, 86-2602.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 6, 1987.
Decided May 7, 1987.
 
 Before RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and SENTELLE, United States District Judge for the Western District of North Carolina, sitting by designation.
 Michael Joseph Farrell (Barry M. Taylor; Jenkins, Fenstermaker, Krieger, Kayes & Farrell on brief), for appellant.
 Robert G. McLusky (Robert L. Elkins; M. Blane Michael; Jackson, Kelly, Holt & O'Farrell, on brief), for appellee.
 PER CURIAM:
 
 
 1
 In August 1977 appellant Commercial Union Insurance Company (Commercial Union) sold to Sharples Coal Corporation (Sharples) a coal mine liability policy with Stop Gap Endorsement Form Gl808-3 attached. The Endorsement provided defense and liability coverage for all sums that Sharples became legally obligated to pay for bodily injury or death sustained by any Sharples employee arising out of and in the course of his or her employment by Sharples. The Endorsement contained seven exclusions, two of which are relevant to this appeal. Under Exclusion (a) the coverage did not extend to "bodily injury or death resulting therefrom caused intentionally by or at the direction of the insured." Under Exclusion (e) the coverage did not extend to "any claim brought against the insured by or on behalf of any employee for bodily injury or death resulting therefrom (1) if the benefits therefore (sic) under any workmen's compensation or occupational disease law are accepted by or on behalf of such employee...."
 
 
 2
 On August 5, 1981, while this Endorsement was in effect, Billy R. Raines was injured while working for Sharples; he died of those injuries on August 20, 1981. His widow Madeline Raines applied for and received death benefits from the West Virginia Workers' Compensation Fund. On September 23, 1982, Raines filed a "Mandolidis" suit in state court against Sharples for wrongful death.[1] Sharples called upon commercial Union to provide coverage and defend the action under the Endorsement. Commercial Union declined, citing Exclusion (e)(1). After negotiation, Sharples settled Raines' claim by paying her $75,000.
 
 
 3
 On February 1, 1983, Sharples filed this diversity action in federal district court seeking declaratory relief. Sharples asserted that Endorsement Gl808-3 required Commercial Union to provide liability and defense coverage to Sharples for "employee suits." On July 13, 1985, after extensive discovery, Commercial union moved for summary judgment. Sharples subsequently filed its own motion for summary judgment. The court granted Sharples' motion. Sharples then requested that the court award Sharples $72,210.89 in attorney's fees and interest incurred in the declaratory judgment action. The court disallowed interest and reduced the overall award of attorney's fees to $57,410.57. Commercial Union now appeals both the award of coverage and the amount of the attorney's fees.
 
 
 4
 Commercial Union contends that the court erred in holding that the Endorsement exclusions did not apply. As to Exclusion (a) Commercial Union contends that Mandolidis equated intentional, willful, wanton, and reckless conduct, so that an exclusion for injuries caused intentionally was also an exclusion for injuries resulting from willful, wanton, or reckless conduct. We are persuaded, however, that the court carefully and properly determined that these terms are not equivalent. Relying on Black Diamond Girl Scout Council, Inc. v. St. Paul Fire & Marine Insurance Co., 621 F. Supp. 96 (S.D.W. Va. 1985), and Health Care and Retirement Corp. of America v. St. Paul Fire & Marine Insurance Co., 621 F. Supp. 155 (S.D.W. Va. 1985), the court held that an intentional injury requires specific intent to injure, but that willful, wanton, or reckless conduct does not require such intent, even if the foreseeable consequences of the act are great harm.n2Itthendetermined that Exclusion (a) applied only to the former conduct, and that Raines' suit came within the latter conduct.
 
 
 5
 As to Exclusion (e)(1), the court properly held that Mandolidis actions arise outside the Workers' Compensation Act. This comports with our decisions in Smith v. ACF Industries. Inc., 687 F.2d 40 (4th Cir. 1982) and Stapleton v. Ashland Oil, Inc., 774 F.2d 622 (4th Cir. 1985). Therefore, an exclusion of claims for which workers' compensation benefits have been paid does not apply to Mandolidis actions.
 
 
 6
 Commercial Union also contends that the attorney's fee award was excessive and unreasonable. We reject this contention because it is clear to us that the court properly applied the twelve criteria we delineated in Johnson v. Georgia Highway Express Inc., 488 F.2d 714 (4th Cir. 1974), see also Hensley v. Eckerhart, 461 U.S. 424 (1983).
 
 
 7
 For the reasons more fully articulated by the court below, we affirm the declaratory judgment that the Stop Gap Endorsement required Commercial Union to provide a defense and coverage in the action brought by Raines. We further affirm the award to Sharples of $57,410.57 for attorney's fees.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Under West Virginia law as then in effect, an employer's absolute immunity to suit for injuries subject to workers' compensation benefits did not apply in case of injury or death to the employee resulting "from the deliberate intention of his employer to produce such injury or death," and the employee or his widow could bring a cause of action against the employer for any excess of damages over the amount received from workers' compensation. W. Va. Code Sec.23-4-2 (1969). In Mandolidis v. Elkins Industries, Inc., 246 S.E.2d 907 (W. Va. 1978), the court interpreted this exemption from immunity as extending to employer conduct that was willful, wanton, and reckless
 
 
 [2]
 The West Virginia legislature has since amended section 23-4-2 to exclude suits based on willful, wanton, and reckless conduct